UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTONIO RODIGUEZ,

    Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.
D/B/A CREDIT COLLECTION SERVICES,

    Defendant.

Civil Action No.:
1:22-CV-20586-KMW

**MOTION TO STRIKE**

## DEFENDANT CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES MOTION TO STRIKE

AND NOW comes Defendant Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and pursuant to Fed. R. Civ. Pro. 12(f), hereby files its Motion to Strike, and as grounds therefore would state as follows:

1. Plaintiff, Antonio Rodriguez, filed and served his First Amended Complaint naming CCS as a defendant.

2. Count 1 purports to assert a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") premised on the transmission of personal identifying information by Defendant to its letter vendor, for the ministerial purpose of printing, folding and mailing Defendant's collection letters. Plaintiff contends that this ministerial transfer gives rise to a claim under 15 U.S.C. § 1692c (b). Count 2 purports to assert a claim for violation of the FCCPA Fla Stat. § 559.72(5) premised on the disclosure of information regarding the debtor's reputation without a legitimate business need. (Compl. Count 2, ¶ 38)

1

3. In his Complaint, Plaintiff sets forth allegations regarding maintenance of records and keeping of current maintenance of records pursuant to Rule 69V-180.080 of the Florida Administrative Code.

4. Paragraphs 16-17 of the Complaint should be stricken as they contains immaterial and impertinent matter and violates Federal Rules of Civil Procedure. 12(f).

5. Plaintiff alleges in paragraphs 17-18 that CCS maintains records in accordance with Rule 69V-180.080 of the Florida Administrative Code.

6. Florida Administrative Code is not applicable to his Complaint and any allegation asserted as to the FDCPA (and plaintiff's reliance on *Hunstein*, which has been vacated and currently pending a decision of the Eleventh Circuits *en banc* review).

7. Florida's Administrative Code is not applicable to the FDCPA and therefore, should be stricken from Plaintiff's Complaint.

8. Florida Administrative Code is not applicable to Plaintiff's Complaint and any allegation asserted as to the FCCPA (and plaintiff's reliance on Fla. Stat. §559.77(2) (allegations related to disclosure of information to persons other than the debtor or her or his family).

9. Florida's Administrative Code is not applicable to the FCCPA and therefore, should be stricken from Plaintiff's Complaint.

10. With respect to plaintiff's allegations and as determined by Florida Courts, Plaintiffs' have been denied actions asserting violations of the FDCPA where the plaintiff has alleged a failure by the defendant to comply with Florida Statutes.  In *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 489 F. Supp. 2d 1358 (S.D. Fla. 2007), Plaintiff alleged BBC violated Florida Statutes by failing to provide complete information to the State whereby rendering BBC's registration void;

and as such, BBC's collection of Connor's debt with a void registration violated Florida Statute 559.553. The Court held, in pertinent part:

> "As an initial matter, it is clear that Conner may not assert her claim directly under Fla. Stat. § 559.553, which does not itself provide for a private right of action…The question, then, is whether a failure to comply with Fla. Stat. § 559.553 constitutes a violation of Fla. Stat. § 559.72(9)…Thus, the Court must look to the statute itself and related case law in evaluating the parties' arguments. The clause of Fla. Stat. § 559.72(9) on which Conner premises her claim prohibits 'asserting the existence of [a] legal right when such person knows that the right does not exist.'" The Court was not persuaded by Plaintiff's argument stating "This argument does not persuade. Had the Florida legislature intended to enact a private right of action for violations of Fla. Stat. § 559.553, it could have done so, either by explicitly including language authorizing a private right of action in the statute itself, or by referencing Section 559.553 in Fla. Stat. § 559.72. Had the legislature intended to include 'attempting to collect a consumer debt while in possession of a void registration' as a violation of the FCCPA, it could have included such language in Section 559.72. Because the legislature chose not to do so, the undersigned is not inclined to, nor can she, read such a cause of action into the language of Fla. Stat. § 559.72(9)." The Court continued its analysis stating "…at least one Florida court has analyzed the language of Section 559.553 and has held that the statute does not require registration prior to the commencement of consumer debt collection activities. That court explained that Section 559.553... is not a licensing statute. It simply requires the filing of minimal identification information as well as the disclosure of prior suspensions or revocations of any professional license or state registration previously held. The statute imposes no testing or other qualification requirements and contains no language suggesting that prior approval of the Department must be received before consumer collection activities may be undertaken. *Welch v. Florida West Coast, Inc.,* 816 So.2d 711, 714 (Fla. 2d DCA 2002).

The Court, therefore, found "…that Fla. Stat. § 559.72(9) does not allow a private right of action for violations of Fla. Stat. § 559.553. *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 489 F. Supp. 2d 1358, 1359, 1361–62 (S.D. Fla. 2007).

11. Plaintiff attempts to include in his Complaint allegations which are incorporated by reference into his Count 1 (FDCPA) and Count 2 (FCCPA) which are immaterial, errant and irrelevant to his alleged violations of the FDCPA and FCCPA.

12. Plaintiff's inclusion of Paragraphs 16-17 if not stricken will subject CCS to incur time and expense related to allegations which are immaterial and unrelated to Plaintiff's claims including discovery of irrelevant, impertinent and immaterial information.

3

13. Plaintiff's allegations are irrelevant and serve no basis to support any valid basis for an alleged violations as set forth in the FDCPA.

14. Based upon the foregoing, Defendant respectfully submits that paragraphs 17 and 18 contained in Plaintiff's "FACTUAL ALLEGATIONS" be stricken from Plaintiff's Complaint as they are immaterial and impertinent.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Undersigned counsel certifies that they have conferred with counsel for Plaintiffs regarding the relief sought in this Motion, and Plaintiffs' counsel does not agree with the relief sough herein.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/Chantel C. Wonder*
Chantel C. Wonder
Florida Bar No.: 0087601
cwonder@grsm.com
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Tel: 305-428-5309
*Attorneys for Defendant,*
*Credit Control Services, Inc., d/b/a*
*Credit Collection Services*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on March 4, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and was sent via electronic mail to:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com

*Counsel for Plaintiff*

**GORDON REES SCULLY MANSUKHANI, LLP**

By: <u>/s/Chantel C. Wonder</u>
Chantel C. Wonder
Florida Bar No.: 0087601
cwonder@grsm.com
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Tel: 305-428-5309
*Attorneys for Defendant,*
*Credit Control Services, Inc., d/b/a*
*Credit Collection Services*