UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTONIO RODRIGUEZ,

   Plaintiff,                                           CASE NO.: 1:22-cv-20586-KMW

v.                                                    MOTION TO STRIKE

CREDIT CONTROL SERVICES, INC.
D/B/A CREDIT COLLECTION SERVICES,

   Defendant.

**DEFENDANT, CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES MOTION TO STRIKE PARAGRAPHS 14 THROUGH 17 OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

AND NOW comes Defendant Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and pursuant to Fed. R. Civ. Pro. 12(f), hereby files its Motion to Strike, and as grounds therefore would state as follows:

1.    Plaintiff, Antonio Rodriguez, filed and served his First Amended Complaint naming CCS as a defendant.

2.    Count 1 purports to assert a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") premised on the transmission of personal identifying information by Defendant to its letter vendor, for the ministerial purpose of printing, folding and mailing Defendant's collection letters. Plaintiff contends that this ministerial transfer gives rise to a claim under 15 U.S.C. § 1692c (b). Count 2 purports to assert a claim for violation of the FDCPA premised on factually void and unsupported allegations that the collection letter failed to disclose accrued and accruing interest, charges and fees. In his First Amended Complaint, Plaintiff sets

1

forth allegations in Paragraphs 14-17 premised on Florida's Administrative Code Rule Florida's Administrative Code Rule 69V-180.080 and Rule 180.080(1)(, (3), (6), (7), (9), (10, (11) and Florida Administrative Rule 69V-180.090(2).  Both Count 1 and Count 2 of Plaintiff's First Amended Complaint are premised on violations of the FDCPA.   Florida's Administrative Code is not applicable to the FDCPA and therefore, should be stricken from Plaintiff's Amended Complaint.

3. Paragraphs 14-17 of the First Amended Complaint should be stricken as they contains immaterial, impertinent, or scandalous matter and violates Federal Rules of Civil Procedure. 12(f).

4. Paragraphs 14-17 are errant and are not applicable to any of Plaintiff's Counts or Causes of Action based upon alleged violations of the FDCPA.

5. CCS has maintained a proper collection agency license, number CCA0900641, omitted in Plaintiff's First Amended Complaint Paragraph 13, since February 5, 1999, with no lapse in registration.  CCS respectfully requests the Court take judicial notice of the attached Consumer Collection Agency License issued by the Office of Financial Regulation, Florida to CCS, License Print dated 11/19/2019, License Print dated 12/1/2020, License Print dated and 2022 License annexed hereto as Exhibit A which evidences CCS license number and that fact that CCS was a duly authorized Licensee to conduct business as a Consumer Collection Agency in the State of Florida.

6. Plaintiff asserts unnecessary, irrelevant and immaterial statements and appears to include them to either bolster alleged causes of action under the FDCPA or to obtain information and/or documents from CCS under the pretense of their applicability to Plaintiffs FDCPA claims. *See Compl.,* ¶¶ 31 and 35 incorporating by reference Paragraphs 14-17.

7. Plaintiff includes allegations regarding Florida's Administrative Code which are irrelevant to his FDCPA claims.

8. CCS is a registered consumer collection agency. Plaintiff affirmatively asserts as such in his First Amended Complaint. (See First Amended Compl. ¶12, "Defendant is registered with the Florida Office of Financial Regulation as a 'Consumer Collection Agency'.)

9. Paragraph's 14-17 are not only irrelevant but immaterial to Plaintiff's alleged violations of the FDCPA.

10. Based upon the foregoing, Defendant respectfully submits that paragraphs 14 through 17 contained in Plaintiff's "FACTUAL ALLEGATIONS" of his First Amended Complaint as it is immaterial and impertinent.

Dated: March 30, 2022

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Chantel C. Wonder*
    Chantel C. Wonder, Esq.
    Florida Bar No.: 0087601
    cwonder@grsm.com
    100 SE Second Street, Suite 3900
    Miami, FL 33131
    Tel: (305) 428-5309

*Attorneys for Defendant,
Credit Control Services, Inc., d/b/a
Credit Collection Service*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2022, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules, and/or the District's Rules on Electronic Service, upon the following parties and participants:

> Jibrael S. Hindi, Esq.
> Thomas J. Patti, Esq.
> The Law Offices of Jibrael S. Hindi
> 110 SE 6th Street, Suite 1744
> Fort Lauderdale, FL 33301
> jibrael@jibraellaw.com
> tom@jibraellaw.com
> *Attorneys for Plaintiff*

> Respectfully submitted,
>
> **GORDON REES SCULLY MANSUKHANI, LLP**
>
> By: /s/*Chantel C. Wonder*
>     Chantel C. Wonder
>     Florida Bar No.: 0087601
>     cwonder@grsm.com
>     Miami Tower
>     100 SE Second Street, Suite 3900
>     Miami, FL 33131
>     Tel: (305) 428-5309
>
>     *Counsel for Defendant,*
>     *Credit Control Services, Inc. d/b/a*
>     *Credit Collection Services*